**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 2:09-CR-00421-JCM-LRL |
| vs. | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| CARLOS ALBERTO CEDANO-PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant, Carlos Alberto Cedano-Perez, is under indictment on one count of Deported Alien Found Unlawfully in the United States, a violation of 8 U.S.C. § 1326. Cedano proceeds in proper person. The matter now before the court is Cedano's Motion to Dismiss Indictment (#69), to which the government filed an Opposition (#71). No reply was filed.

On January 8, 2000, the Clark County District Court accepted Cedano's plea of guilty to the charge of Battery with Substantial Bodily Harm. Exh. E at p.2, ¶ 17-20. Cedano was removed to his native country, Mexico, on December 8, 2000. Indictment (#1). On September 30, 2009, he was found in Nevada. On October 14, 2009, a federal grand jury returned the above-referenced Indictment (#1). The Indictment rests on the December 8, 2000 removal order. Cedano moves for dismissal of the Indictment on the ground that the December 8, 2000 removal order is invalid because it was based on his state battery conviction, which he now attacks as unconstitutional. Mot. (#69) at 2.

Section 1326(a) forbids an alien who once was deported to return to the United States without special permission, and it authorizes a prison term of not more than two years. An additional prison term of up to twenty years may be imposed for aliens "whose [prior] removal was subsequent to a

conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2). In *Almendarez-Torres v. United States*, the Supreme Court considered whether § 1326(b)(2) "defines a separate crime or simply authorizes an enhanced penalty." 523 U.S. 224, 226 (1998). The Court "held that it simply authorizes a court to increase the sentence of a recidivist." *Id.* at 226-27. Accordingly, since § 1326(b)(2) "does not define a separate crime ... neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." *Id.*; *see also United States v. Pacheco-Zapeda*, 234 F.3d 411, 414 (district court may consider any prior aggravated felony conviction in sentencing defendant for illegal reentry "even though such conduct had not been charged in the indictment, presented to a jury, and proved beyond a reasonable doubt.") (9th Cir. 2000).

Although styled as a Motion to Dismiss Indictment, the motion does not challenge directly the allegations in the indictment. Rather, the substance of the motion reveals that it is a collateral attack on the constitutionality of the January, 2000 battery conviction. As explained, *supra*, the prior conviction is relevant only as a sentencing enhancement. Although generally unavailable, the Supreme Court has suggested that a collateral attack on a prior state conviction used as a sentencing enhancement may be allowed in certain rare situations. *See Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that while "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right," "there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own."); *see also United States v. Martinez-Martinez*, 295 F.3d 1041, 1044 (9th Cir. 2001) ("Collateral attacks at sentencing on prior state court convictions are prohibited."). Whether the sentencing judge finds it appropriate to consider the circumstances surrounding the battery conviction remains to be seen. At this point, however, those circumstances have nothing to do with the sufficiency or validity of the Indictment. The defendant's motion (#69) must be denied.

. . .

. . .

. . .

2

Accordingly,

It is the recommendation of the undersigned U.S. Magistrate Judge that the defendant's Motion to Dismiss Indictment (#69) should be denied.

DATED this 13th day of May, 2011.

*/s/ L. Leavitt*

**LAWRENCE R. LEAVITT
UNITED STATES MAGISTRATE JUDGE**