# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>CARLOS ARTURO CEDANO,<br><br>         Defendant. | 2:09-CR-421 JCM (LRL) |

**ORDER**

Presently before the court is defendant Carlos Alberto Cedano-Perez's motion to dismiss indictment (doc. #69), which the government opposes (doc. #71). Magistrate Judge Leavitt also issued a report and recommendation (doc. #72), recommending that defendant's motion be denied. The defendant objects to the magistrate's report (doc. #75).

Under Local Rule 1B 1-4 and 28 U.S.C. § 636(b)(1), a magistrate judge shall file findings and recommendations for disposition by the district judge. The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made . . . [and] may accept, reject, or modify, in whole or in part, the findings or recommendations." 28 U.S.C. § 636(b)(1).

The defendant has been charged with a violation of 8 U.S.C. § 1326(a), which forbids an alien who once was deported from returning to the United States without special permission. A violation of this statute carries a prison term of not more than two years, and an additional prison

**James C. Mahan**
**U.S. District Judge**

term of up to twenty years may be imposed for aliens "whose [prior] removal was subsequent to a conviction of an aggravated felony."  8 U.S.C. § 1326(b)(2).

Here, the defendant pled guilty to battery with substantial bodily harm in state court and was deported to Mexico in 2000.  In 2009, the defendant was found in Nevada and a grand jury subsequently issued the instant indictment.  The defendant argues for dismissal of the indictment, alleging that the original removal order, which is based upon his state battery claim, is unconstitutional.  The defendant also alleges that he was never the perpetrator in the battery offense. Further, the defendant claims he pled guilty to the state offense because he had difficulty obtaining preliminary hearing transcripts, ineffective assistance of counsel, and because of other coercive pressures by the government. Magistrate Judge Leavitt has recommended denying the motion to dismiss the indictment.

The court agrees with Judge Leavitt. Although defendant collaterally attacks the constitutionality of the state battery conviction, his motion does not directly challenge the allegations in the indictment before this court; his prior conviction is only relevant as a sentencing enhancement. Moreover, the Supreme Court has held that "a defendant convicted in state court has numerous opportunities to challenge the constitutionality of that conviction, but those vehicles for review are not available indefinitely and without limitation." *Daniels v. U.S.*, 532 U.S. 374, 375 (2001).

The Court also held that a prior conviction may be used to enhance a federal sentence subject to only one exception: "if an enhanced federal sentence will be based in part on a prior conviction obtained in violation of the right to counsel, the defendant may challenge the validity of his prior conviction during his federal sentencing proceedings. *Id.* at 382.  No other constitutional challenge to a prior conviction may be raised in the sentencing forum. *Id.*  With regards to the defendant's "ineffective assistance of counsel" allegation, this is not relevant to the motion to dismiss; rather, it is relevant to sentencing, but does not affect the indictment itself.

Nevertheless, *Daniels* also recognized that there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own.  *Id.* at 383-84.  In these circumstances, the Court suggested that a collateral attack on a prior

state conviction used as a sentencing enhancement may be allowed. *Id.* at 382-383. Although, the Court did not elaborate on what constitutes a "rare circumstance," the defendant here has cited none. Therefore, the defendant's motion to dismiss is denied and the recommendation adopted in its entirety.

UPON CONSIDERATION of the magistrate judge's report and recommendation (doc. #72), and the papers and pleadings on this matter,

IT IS ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to dismiss (doc. #69) be DENIED and the report and recommendation (doc. #72) are adopted in their entirety.

DATED August 9, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -