UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,              ) | |
|                                   ) | |
|           Plaintiff,               ) | |
|                                   ) | 2:09-cr-00421-JCM -VCF-1 |
| v.                                ) | |
|                                   ) | MOTION TO SUPPRESS (#79) |
| CARLOS ALBERTO CEDANO-PEREZ,       ) | |
|                                   ) | |
|           Defendants.              ) | |

# REPORT & RECOMMENDATION

Before the court is defendant Carlos Alberto Cedano-Perez' Motion To Suppress Prior State Conviction. (#79). The government filed an Opposition. (#80). Defendant did not file a Reply.

Defendant Cedano-Perez is under indictment for being a deported alien found unlawfully in the United States, in violation of 8 U.S.C. § 1326. (#1). Pursuant to 8 U.S.C. § 1326, it is unlawful for an alien who has been previously deported or removed to reenter the United States without permission. Under subsection (b)(2) of § 1326, any alien "whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both." 8 U.S.C. §1326(b)(2).

On January 8, 2000, the Clark County District Court accepted Cedano-Perez' Alford plea[1] to the charge of battery with substantial bodily harm, and he was removed to Mexico on December 8, 2000. (#79). On September 30, 2009, defendant Cedano-Perez was found in the United States and arrested. (#1). He was subsequently charged on October 14, 2009, with having unlawfully reentered and remained the United States. *Id.* In Cedano-Perez' present motion (#79), he asks this court to suppress

---

[1] "[W]henever a defendant maintains his or her innocence but pleads guilty pursuant to Alford, the plea constitutes one of *nolo contendre.*" *State v. Gomes,* 112 Nev. 1473, 930 P.2d 701 (1996).

his state conviction for purposes of the sentencing enhancement under § 1326(b)(2).

**BACKGROUND**

At the preliminary hearing held in state court regarding defendant's battery charge, the victim, Ricardo Ramirez, testified that he could not identify Cedano-Perez as the person who shot him. (#79 Exhibit E). After the hearing, defendant received new counsel, Mrs. Connolly. (#79). Defendant informed Mrs. Connolly of Ramirez' testimony. *Id.* However, as the transcript of the hearing was allegedly lost and Ramirez was unreachable, defendant had no evidence to support his assertion. *Id.* Mrs. Connolly represented to the state court judge that she could not locate the victim to acquire further testimony, and that it was "not clear what happened" in this case. (#79 Exhibit E Transcript of Sentencing). Mrs. Connolly advised defendant to plead guilty in light of the missing transcript and victim. (#79). Therefore, defendant entered an Alford plea, and was sentenced accordingly. *Id.* Mrs. Connolly admitted during the sentencing that due to the circumstances and "the time [the defendant] was facing, [he] took the Alford plea." (#79 Exhibit E Transcript of Sentencing). After completing his sentence, defendant was deported in December of 2000. (#79).

Thereafter, on September 30, 2009, defendant was arrested, and subsequently charged with illegally reentering the United States. (#1). Thereafter, defendant's prior counsel, Federal Public Defender Raquel Lazo, attempted to obtain the transcript of defendant's preliminary hearing from the state court conviction. (#79 Exhibit H). The state court informed Mrs. Lazo that the transcript did not exist, and it wasn't until the third attempt to acquire it, that the transcript was finally disclosed. *Id.* Upon review of the lost preliminary hearing transcript, it was clear that Ricardo Ramirez testified that he could not identify Cedano-Perez as the person who shot him. (#79 Exhibit E). In light of the transcript finally being found, defendant Cedano-Perez filed a motion to dismiss the indictment based on his assertion that the state conviction and subsequent deportation were unconstitutional. (#69). The court denied the motion, and held that as the prior conviction was relevant *only* to the sentencing enhancement, and had "nothing to do with the sufficiency or validity of the Indictment," there was no

grounds to dismiss the indictment. (#72 and #77).

**ARGUMENT**

In the present motion, defendant Cedano-Perez asserts that, "based on newly discovered evidence," i.e. the preliminary hearing transcript, his prior state conviction was unconstitutional and should be suppressed. (#79). Defendant contends, that he was innocent of the state court charges, and "but for" the ineffectiveness of Mrs. Connolly, he would not have plead guilty. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). He argues that Mrs. Connolly never insisted on the disclosure of the transcript, never investigated the charge, and did not interview other witnesses to the events. (#79). Further, he argues that Mrs. Connolly, without challenging the sufficiency of the evidence against him, told the defendant that he had to plead guilty or he would spend the rest of his life in jail. *Id.*

In support of defendant Cedano-Perez' assertion that the victim Ramirez had testified that the defendant was innocent, he provides the court with a signed statement from Ramirez. (#79 Exhibit A and B). In the statement, Ramirez asserts that when he was examined by the attorneys at the hearing in the presence of Cedano-Perez, he testified that he did not see the person who shot him in the courtroom. *Id.* Further, Ramirez states that it is his understanding that "Mr. Cedano was falsely accused, incriminated, convicted, and incarcerated for something that Mr. Cedano did not committ (sic)." *Id.* Defendant Cedano-Perez also submitted to the court the transcript of the preliminary hearing. (#79 Exhibit E).

In opposition to the defendant's motion, the government states that the defendant "again raises the same arguments that do not include the only legal challenge he can make against his prior conviction, that it was obtained in violation of *the right to counsel.* Daniels v. United States, 523 US 374, 384 (2001)." (#80)(emphasis added). The court notes that defendant spends approximately nine pages of his motion discussing the ineffectiveness of his counsel Mrs. Connolly during the state proceedings. (#79). Not only does he assert in those pages that Mrs. Connolly's performance was

3

deficient, but he cites supporting authority and demonstrates how he was "prejudice[d] and denied fundamental fairness" by her actions. *Id.* Therefore, the government's contention that he failed to "include the only legal challenge he can make" is not supported by the record.

The government does, however, correctly argue that a motion to suppress goes to the admissibility of evidence at trial, and the prior conviction would not be something admitted at trial anyhow, because it relates *only* to the sentencing, and is not an element of the offense. (#80); See *United States v. Pacheco-Zepeda* 234 F3d 411, 413-15 (9th Cir 2000).

## RELEVANT LAW

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)©, a motion to suppress evidence must be raised before trial. Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of other crimes, wrongs, or acts is not admissible...," unless it is used to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident..." In cases where the court may consider a prior conviction, such as in §1326(b), however, the law "simply authorizes a court to increase the *sentence* for a recidivist...[and] does not define a separate crime." *Almendarez-Torres,* 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d. 350 (1998)(emphasis added). Therefore, it is not proper to argue whether a sentencing judge should consider a prior conviction under 8 U.S.C. § 1326(b) in a motion to suppress. *Id.*

The Supreme Court has ruled that "[i]f an enhanced federal sentence will be based in part on a prior conviction obtained in violation of the *right to counsel*, the defendant may challenge the validity of his prior conviction *during his federal sentencing proceeding*." *Daniels v. United States,* 532 US 374, 382 (2001)(citing *Custis v. United States,* 511 U.S. 485, 496, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994)(emphasis added)). However, if "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse." *Daniels,* at 382. Despite this, the Supreme Court has recognized that "there

maybe rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." *Id.* at 383.

### DISCUSSION

As previously stated, defendant Cedano-Perez is charged with being a deported alien found unlawfully in the United States, in violation of 8 U.S.C. § 1326. (#1). A prior state conviction is not an element of the offense charged, and any evidence thereof would not be admissible at trial. *See* 8 U.S.C. § 1326(a)(stating that "any alien who–has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter...enters, attempts to enter, or is at any time found in, the United States...shall be fined under Title 18, or imprisoned not more than 2 years, or both."); *see also* Federal Rules of Evidence 404(b)(stating that evidence of other crimes is not admissible.). Therefore, a motion to suppress is not the appropriate vehicle to obtain the relief defendant seeks. *See* Fed. R. Crim. P. 12(b)(3)(C).

As the court previously stated in its order denying the motion to dismiss (#77), defendant Cedano-Perez may challenge the validity of his prior conviction *only* "during his federal sentencing proceedings." *Daniels,* at 382 (citing *Custis,* at 496, 114 S.Ct. 1732). As defendant asserts in his motion (#79) that his state conviction was unconstitutional because of the ineffectiveness of counsel, he may fall into the exception carved out by the court in *Custis*. *Id.* (holding that the defendant may challenge his prior conviction "[i]f an enhanced federal sentence will be based in part on a prior conviction obtained in violation of the *right to counsel*"). Further, since defendant did not directly appeal his state court conviction and the transcript of the preliminary hearing in state court which supports his innocence was not "found" and disclosed until defendant's Federal Public Defender obtained it in connection with defendant's federal charge, defendant's situation may be seen as one of the "rare cases in which no channel of review was actually available to [him]...due to no fault of his own." *Daniels,* at 383 (holding that if the prior conviction is "no longer open to direct or collateral

5

attack," he may still challenge this conviction if "no channel of review was actually available" at that time and there is now "newly discovered evidence" supporting the challenge.).  Thus, at the time of sentencing, defendant may present to the court argument regarding the sentence enhancement for his prior conviction under 8 U.S.C. § 1326(b). (#77)(wherein the district judge held that the ineffectiveness of counsel "is relevant to sentencing," and that "[i]n these circumstances, the [c]ourt suggests that a collateral attack on a prior state conviction used as a sentencing enhancement may be allowed.").

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that defendant Cedano-Perez' Motion to Suppress (#79) should be DENIED.

DATED this 2nd day of November, 2011.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**