# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CARLOS ALBERTO CEDANO-PEREZ,<br><br>    Defendant. | 2:09-CR-421 JCM (VCF) |

## ORDER

Presently before the court is defendant Alberto Cedano-Perez's motion to withdraw his guilty plea. (Doc. #101). The government has filed an opposition. (Doc. #106).

**I.     Background**

Mr. Cedano entered a guilty plea on December 13, 2011, to a single count indictment, charging him with Deported Alien Found Unlawfully in the United States, a violation of 8 U.S.C. § 1326. Mr. Cedano represents that at the time of his guilty plea, he believed that he would be "facing . . . a sentence of 46 to 57 months." Mot. at 2:5-7. Apparently, Mr. Cedano's belief stemmed from his understanding that he had six criminal history points, resulting in a criminal history category of III. Probation, however, has calculated Mr. Cedano's criminal history points as seven, resulting in a criminal history category of IV. The extra point has resulted in a recommended guideline range of 57 to 71 months, as opposed to the 46 to 57 months Mr. Cedano expected. Mot. at 3:17-20. Mr. Cedano claims that his misunderstanding as to his criminal history category has

**James C. Mahan**
**U.S. District Judge**

1  resulted in a guilty that plea was "not knowing, intelligent or voluntarily made." Mot. at 3:28-29.

## II. Discussion

### A. Standard of Review

A defendant may withdraw his or her guilty plea only if the defendant "show[s] a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The decision to allow a defendant to withdraw his plea . . . lies within the discretion of the district court." *United States v. Ruiz*, 257 F.3d 1030, 1033 (9th Cir. 2001) (en banc). Where the defendant has not challenged the adequacy of the Rule 11 colloquy, has not alleged newly discovered evidence, or pointed to intervening circumstances, courts have been reticent to grant motions to withdraw guilty pleas. *See United States v. Turner*, 898 F.2d 705, 713 (9th Cir. 1990) (upholding district court's denial of motion to withdraw guilty plea because defendant did "not challenge the adequacy of his Rule 11 hearing nor [did] he allege newly discovered evidence, intervening circumstances, or any other reason for withdrawing his guilty plea that did not exist when he pleaded guilty."); *see also United States v. Rios-Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987) (same); *see also United States v. Nostratis*, 321 F.3d 1206, 1209-10 (9th Cir. 2003) (affirming denial of motion to withdraw guilty plea in light of sufficient Rule 11 inquiry conducted by district court); *United States v. Castello*, 724 F.2d 813, 815 (9th Cir. 1984) (crediting representations made during Rule 11 plea hearing over subsequent statements); *United States v. Signori*, 844 F.2d 635, 639 (9th Cir. 1988) (upholding district court's finding that ample evidence showed defendant's plea was voluntary based on Rule 11 colloquy).

"[I]t is well established that an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea." *United States v. Garcia*, 909 F.2d 1346, 1348 (9th Cir. 1990). Such predictions include a defense counsel's failure to anticipate issues arising from a defendant's criminal history. *See United States v. Oliveros-Orosco*, 942 F.2d 644, 646 (9th Cir. 1991). Here, defendant represents himself. Therefore his own misjudgments cannot serve to undercut a valid guilty plea where the misjudgments of counsel would have been similarly ineffective in seeking to discard the guilty plea. *See, e.g., Faretta v. California*, 422 U.S. 806, 834 n. 46 ("a defendant who elects to represent himself cannot thereafter [challenge quality of

James C. Mahan
U.S. District Judge

- 2 -

1  defense].").

2      *B.    Analysis*

3      During the plea hearing, it was made clear that neither the government's, nor defendant's calculation of criminal history was controlling. Rather, criminal history computations "would be determined by the court in either case." Doc. 103, Change of Plea Transcript, 18:4-5. With regards to criminal history calculations, Mr. Cedano explained that he understood that the court was the final arbiter of criminal history, *id.* at lines 8-9, and also explained that he "still ha[d] to look them up." Mr. Cedano further informed the court that he had received no "promise[s] . . . that induced [him] to plead guilty." *Id.* at lines 12-14. Lastly, the court explained to Mr. Cedano that no guideline sentence range would be determined until after the presentence report was completed. *Id.* at lines 15-19. Regardless of whatever guildeline calculation was ultimately recommended for Mr. Cedano, the court also advised Mr. Cedano that it had the discretion to impose a sentence that was in "excess of the sentence called for by the guidelines." *Id.* at 21-25. Mr. Cedano represented to the court that he understood he "would not have the right to withdraw [his] guilty plea" if the court did impose a more lengthy sentence. *Id.* 19:1-4.

    In light of this colloquy, the court cannot find that Mr. Cedano entered his guilty plea based solely on the belief that he would be sentenced pursuant to a criminal history category of III to a 46 to 57 month term. The court explained that the range was not yet calculated and that it would itself determine the criminal history category. Mr. Cedano informed the court that he himself had not yet looked into his criminal history category. Further, Mr. Cedano's alleged belief regarding the appropriate range and criminal history category could not have come from any third party, as Mr. Cedano represented that he had received no promises affecting his decision to plead guilty. Lastly, Mr. Cedano was made aware of the distinct possibility that he could be sentenced to a term that was greater than the guideline range and would have no right to withdraw his guilty plea if this were to happen.

    In light of the foregoing, this court finds that Mr. Cedano's plea was knowing and voluntary and no grounds exist to grant a withdrawal of the plea.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendant's motion to withdraw his guilty plea (doc. #101) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the hearing on the motion to withdraw, scheduled to take place Friday, April 27, 2012, at 11:00am in Courtroom 6A be, and the same hereby is, VACATED.

DATED April 16, 2012.

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -