UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff - Appellee, ) <br> ) <br> vs. ) <br> ) <br> CARLOS ALBERTO CEDANO-PEREZ, ) <br> ) <br> Defendant - Appellant. ) <br> _____) | 2:09-cr-421-JCM-VCF <br><br> **ORDER** |

Presently before the court is defendant Carlos Alberto Cedano-Perez's pro se motion requesting a release date. (Doc. # 122). The government filed a response (doc. # 124), and no reply has been filed.

**I.    Background**

Defendant pled guilty on December 13, 2011, to 8 U.S.C. § 1326 - Deported Alien Found Unlawfully in the United States. (Doc. # 89). This court sentenced defendant to 46 months custody on May 1, 2012. (Doc. # 113). Defendant has filed the instant motion seeking the court to determine his exact release date from custody and compute his credit for good time conduct. (Doc. # 122).

**II.   Relevant Law and Application**

When a defendant is sentenced to a term of imprisonment he is committed to the custody of the Bureau of Prisons ("BOP") under 18 U.S.C. § 3621(a). 18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentences commences." "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *U.S. v. Wilson*, 503 U.S. 329, 335 (1992). It is the Bureau of Prisons who will determine the amount of time that defendant served before sentencing that will be applied to his current term of incarceration.

1	18 U.S.C. § 3624(b)(1) allows a prisoner serving a term of imprisonment of greater than one year to receive up to 54 days of additional credit for time served if "the prisoner has displayed exemplary compliance with institutional disciplinary regulations." This is often referred to as good time credit. Under this scheme, it is the BOP that determines how much, if any, credit that a prisoner will receive for good behavior. *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1267 (9th Cir. 2001). The court, at this stage, has no role in the determination of good time credit.

Accordingly,

IT IS ORDERED, ADJUDGED, AND DECREED that defendant's motion requesting a release date (doc. # 122) be, and the same hereby is, DENIED.

DATED October 4, 2012.

_____
UNITED STATES DISTRICT JUDGE